UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMAH YOUSIF OSMAN ARBAB,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2521

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center, located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner (Pet., ECF No. 1, PageID.17–18.)

In an Order entered on September 11, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the August 14, 2026, bond hearing on September 16, 2026. (Resp., ECF No. 5; Recording of Aug. 14,

2026, Bond Hearing, filed on Sept. 16, 2026.) Petitioner filed a reply on September 21, 2026, (ECF No. 6).

## II. Relevant Factual Background

Petitioner is a citizen of Sudan who entered the United States in 2023. (Pet., ECF No. 1, PageID.9.) On September 11, 2025, Petitioner was arrested by ICE and has remained in detention since that time. (*Id.*, PageID.2.)

On August 14, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 5-1, PageID.44.) In the written order following the hearing, the Immigration Judge denied Petitioner's request for bond, stating: "The [Petitioner] is a flight risk. The [Petitioner] has been ordered removed from the United States. That order is currently on appeal before the BIA, but the [Petitioner] has a low likelihood [of] relief at this time." (*Id.*)

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not clearly designate the burden of proof onto the Department of Homeland Security. (Pet., ECF No. 1, PageID.10.) Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: September 29, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge